UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANA PATRICK,

        Plaintiff,

v.                                  CASE NO. 3:24-cv-197-WWB-MCR

LIEUTENANT MAERTZ and
JOHN/JANE DOE,

        Defendants.
_____/

**REPORT AND RECOMMENDATION**[1]

**THIS CAUSE** is before the Court on Defendants' Motions to Dismiss ("Motions") (Docs. 6 & 7) and Plaintiff's Responses thereto (Docs. 8 & 9). For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that Plaintiff's Complaint (Doc. 1) be **STRICKEN without prejudice** for failure to comply with Federal Rule of Civil Procedure 8 because it is a shotgun pleading. Thus, the undersigned further **RECOMMENDS** that the

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

Motions (Docs 6 & 7) be **DENIED without prejudice as moot**.[2]

## I.     Introduction

On February 20, 2024, *pro se* Plaintiff filed this action against Lieutenant Maertz and John/Jane Doe (collectively "Defendants"), alleging two First Amendment claims and seeking $100,000 in punitive damages. (Doc. 1 at 5, 8.)  The Complaint form used provides almost no relevant information and instead refers the reader to an attachment to the form.  (*See* Doc. 1.)  The attachment contains only twelve factual allegations, followed by two claims that state as follows:

> CLAIM I – 42 U.S.C. 1983 – 1ST AMENDMENT CLAIM
>
> Deputy Lt Maertz and John/Jane Doe did unlawfully trespass me from a publicly accessible area of a public building, without any indication that i [sic] had broken any rule, regulation, ordinance or statute.
>
> CLAIM II – 42 U.S.C. 1983 – 1ST AMENDMENT RETALIATION CLAIM
>
> Deputy Lt Maertz and John/Jane Doe retaliated against me for exercising my 1st Amendment right to free press.  I was exercising my right to record my government officials in the course of their duties, and because they did not like me doing so they conspired to violate my rights by trespassing me.

---

[2] Because the undersigned recommends that the Complaint be stricken as a shotgun pleading, the undersigned need not address the specific arguments in the Motions.

(*Id.* at 8.)

## II. Legal Principles

### 1. Federal Rule of Civil Procedure 8

The bare minimum that a plaintiff must set forth in her complaint is found in Rule 8, requiring that "[a] pleading that states a claim for relief must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Although this pleading standard "does not require 'detailed factual allegations,' . . . it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *King Ocean Servs. v. CI Mistic SAS Fruits & Vegetables, LLC*, No. 23-22227-CIV, 2023 U.S. Dist. LEXIS 211051, at *5 (S.D. Fla. Nov. 28, 2023) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). Mere "labels and conclusions" or "a formulaic recitation of the elements of a cause of action" are insufficient. *Brooks v. Kiser*, No. 1:21cv541-ECM-SMD, 2022 U.S. Dist. LEXIS 86944, at *5 (M.D. Ala. May 13, 2022) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). A complaint must contain enough well-pleaded facts to "allow the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.*

Nevertheless, the pleadings of *pro se* litigants must be liberally construed and "are held to less stringent standards than formal pleadings

drafted by lawyers." *Hughes v. Rowe*, 448 U.S. 5, 9 (1980) (per curiam). However, *pro se* litigants are subject to the same laws and rules of court as litigants who are represented by counsel. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Therefore, the Court will not rewrite a *pro se* plaintiff's complaint to find a claim. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

### 2. Shotgun Pleading

The Eleventh Circuit has gone to great lengths to explain the problems that shotgun pleadings cause:

> Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources. Moreover, justice is delayed for the litigants who are standing in line, waiting for their cases to be heard. The courts of appeals and the litigants appearing before them suffer as well.

*Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997). The Eleventh Circuit has instructed that a district court "*must* intervene . . . and order a replead[ing]" of a shotgun complaint, even if the defendant does not move for a more definite statement. *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001) (emphasis added). Moreover, a shotgun pleading does not comport with the pleading requirements of Rule 8 or *Twombly* and *Iqbal* because it is not

4

"a short and plain statement of the claim," and does not "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See* Fed. R. Civ. P. 8(a)(2); *Iqbal*, 556 U.S. at 678.

"The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). "A dismissal under Rules 8(a)(2) and 10(b) is appropriate where it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Id.* at 1325 (quotations and emphasis omitted).

### III.  Analysis

Even construed liberally, the Complaint constitutes a shotgun pleading because it fails to give Defendants adequate notice of the claims against them. First, Plaintiff fails to incorporate any factual allegations into either count. (Doc. 1 at 8.) Thus, Defendants and the Court are left to guess which facts support each claim. Next, the claims themselves impermissibly group Defendants together, again making it difficult to determine what each Defendant is being accused of. (*Id.*)

Additionally, it is difficult to discern what type of claims Plaintiff intends to bring against each Defendant. In alleging a violation of the First

5

Amendment, Plaintiff fails to allege what right was infringed by Defendants. (*Id.*) Her other claim for First Amendment Retaliation mentions the "right to free press," but then confusingly alleges that Defendants "conspired" against her. (*Id.*) Finally, the only potential harm alleged in each count is that Plaintiff was "trespass[ed]" by Defendants. (*Id.*) Not only is this allegation vague and conclusory, but it is not supported by the few facts alleged, which state that Defendants merely asked Plaintiff to leave the subject property or that she would be arrested. (*Id.*)

Because Plaintiff is proceeding *pro se* and has not yet amended her Complaint, the undersigned recommends striking the Complaint without prejudice as an impermissible shotgun pleading and directing Plaintiff to amend her Complaint. *See* Fed. R. Civ. Pro. 15(a)(2) (allowing a party to amend its pleading with leave from court, which should be freely given when justice so requires); *Holbrook v. Castle Key Ins. Co.*, 405 F. App'x 459, 460-61 (11th Cir. 2010) ("The district court has the inherent authority *sua sponte* to require the plaintiff to file a more definite statement."); *Jackson v. Bank of Am., N.A.*, 898 F.3d 1348, 1358 (11th Cir. 2018) ("In dismissing a shotgun complaint for noncompliance with Rule 8(a), a district court must give the plaintiff one chance to remedy such deficiencies."); *See generally Sifford v. Ford*, 701 F. App'x 794, 796 (11th Cir. 2017) ("Generally, a district court must

6

*sua sponte* provide a *pro se* plaintiff at least one opportunity to amend his complaint, even where the plaintiff did not request leave to amend." (citing *Bank v. Pitt*, 928 F.2d 1108, 1112 (11th Cir. 1991), *overruled in part by Wagner v. Daewoo Heavy Indus. Am. Corp.*, 314 F.3d 541, 542 (11th Cir. 2002)))

When drafting her amended complaint, Plaintiff should carefully review the Federal Rules of Civil Procedure and all applicable Orders and laws, as subsequent opportunities to amend are unlikely.  In addition, Plaintiff must ensure that her amended complaint and any future filings comply with the District's Local Rules, such as typography customs, conferral responsibilities, and other requirements.

**IV.    Conclusion**

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1. Plaintiff's Complaint (**Doc. 1**) be **STRICKEN without prejudice**.

2. Plaintiff be directed to file an amended complaint in accordance herewith **within 30 days** of the Court's Order on this Report and Recommendation.

3. Defendants' Motions (**Docs. 6 & 7**) be **DENIED without**

**prejudice as moot**.

      **DONE AND ENTERED** at Jacksonville, Florida, on October 4, 2024.

                                  MONTE C. RICHARDSON
                          UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Wendy W. Berger
United States District Judge

Counsel of Record

*Pro Se* Party

8