UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**LANA PATRICK**,

    Plaintiff,

v.                                                                  Case No. 3:24-cv-197-WWB-MCR

**LIEUTENANT MAERTZ,
JOHN/JANE DOE,
CLAY COUNTY UTILITY AUTHORITY,**

    Defendants.
_____/

**PLANTIFFS' RESPONSE TO DEFENDANT, JOHN/JANE DOE,**

**MOTION TO DISMISS 1ST AMENDED COMPLAINT**

    Comes now the plaintiff Lana Patrick acting pro se to respond to the defendants motion to dismiss my 1st amended complaint. I humbly ask the court to deny the defendants motion and allow the case to proceed so justice can be done.

**Argument**

    The defense has submitted a motion alleging that my complaint is a shotgun pleading, and states it is filled with "*vague, and conclusory*" (Dkt. 19 pg 4).

    To help clarify the issue I incorporated a video of the entire incident so that no fact would be left out. While the issue may seem a small one, any loss of our 1st amendment rights is irrepairable harm.

1

> *"The loss of First Amendment freedoms, for even minimal periods of time, unquestionably constitutes irreparable injury." Elrod v Burns, 427 U.S. 347, 373 (1976).*

While the defense wants to act confused by the very simple violation, I will explain it as best as I can. The facts are the claim, the claim is the facts, all of which is on video and in the possession of the defendant. A citizen has a liberty interest in public property as citizens are the constituting members of the body. If the concept is hard for the defense to understand, imagine a hunting property that you and four friends went in equally and bought together. Each of you has an interest in that property equal to each other, no one person has the right to trespass one of the others unless something untoward or criminal has been done.

The same is true for public property, which is property held in trust and used by government to service their employers, we the people. While we have delegated authority to government to restrict property as need be, we have not allowed the government to arbitrarily trespass citizens from publicly accessable areas of public buildings "just because".

> *"Because Plaintiffs possess a private liberty interest in lawfully visiting city property that is open to the public (an interest of which Plaintiffs will be deprived by the issuance of a trespass warning)" Catron v. City of St. Petersburg, 658 F.3d 1260, 1267 (11th Cir. 2011)*

Because we have this liberty interest, it protects us from being excluded from places we are forced to pay for because someone doesn't like our politics, hairstyle, clothes, etc.

The material facts are this, the defendant had removed me from an area I was legally allowed to be in, for no reason other then "they" didn't want me there. Would it have been a violation if "they" wanted me removed because I was causing a disturbance or impeding their business? No it would not have been, but to remove me because "they" didn't want me there is assuredly a violation.

The government doesn't get to pick and choose who "they" want to let in to areas open to the general public.

> "MR. JUSTICE STEWART, while agreeing that the Constitution does no more than assure the public and the press equal access to information generated or controlled by the government once the government has opened its doors" *Houchins v. KQED, Inc.*, 438 U.S. 1, 2 (1978)

Exercising my right to gather information doesn't take away my liberty interest to be in the public areas.

> Boulter's repeated demands that Iacobucci cease recording do not change the disorderly conduct calculus. A police officer is not a law unto himself; he cannot give an order that has no colorable legal basis and then arrest a person who defies it.

> *So it is here: because Iacobucci's activities were peaceful, not performed in derogation of any law, and done in the exercise of his First Amendment rights, Boulter lacked the authority to stop them.*
>
> *Iacobucci v. Boulter, 193 F.3d 14, 25 (1st Cir. 1999)*

So now the defense knows that removing someone from somewhere they are legally allowed to be is a violation. So when they posted

> *In the present case, Plaintiff has not alleged sufficient factual matters to state a claim upon which relief may plausibly be granted. The allegations made by Plaintiff in support of her First Amendment and First Amendment Retaliation claims are conclusory and lack the baseline specificity necessary (Dkt 19 Pg 10)*

They surely knew that removing a citizen from a place they are legally allowed to be in, because they were practicing their right to gather information is a violation of my rights. If I have a right to be somewhere, how is threatening to arrest me if I don't leave NOT a violation of my right?

The Defense goes on to say there was no violation because I don't have any right to have unrestricted access to every part of the building. I am unsure of when I stated this part here

> *There is no precedential case law that has held there is a First Amendment right for complete access to any government owned building, including the right film, without limitation.(Dkt 19 Pg 18)*

4

It's odd, because I never suggested a right to complete access. In fact I made mention that I was specifically staying out of restricted areas. While I find the misapplication of the forum doctrine entertaining, it does get old. The forum doctrine has no place because we are not discussing a regulation that restricts speech, just saying some place isn't a public forum doesn't mean you cant record there. Airports are non public forums and are recorded in everyday, by me and a whole host of other journalists.

> *It is axiomatic that the First Amendment*
> *does not protect all speech,*
> *but rather only speech relating to matters*
> *of public concern. (Dkt 19 Pg 15) (quoting*
> *Elrod v Burns)*

This is an interesting concept put forth by the defense, utility employees can decide what are matters of public concern, and surmised that watching our government agents was not a matter of public concern.

> *"the First Amendment goes beyond protection of the press*
> *and the self-expression of individuals to prohibit*
> *government from limiting the stock of information from*
> *which members of the public may draw." First Nat'l Bank*
> *v. Bellotti,435 U.S. 765, 783, 98 S.Ct. 1407, 55 L.Ed.2d*
> *707 (1978); see also Stanley v. Georgia,394 U.S. 557, 564,*
> *89 S.Ct. 1243, 22 L.Ed.2d 542 (1969) ("It is ... well*
> *established that the Constitution protects the right to*
> *receive information and ideas."). An important corollary*
> *to this interest in protecting the stock of public*
> *information is that "[t]here is an undoubted right to*
> *gather news 'from any source by means within the law.' "*
> *Houchins v. KQED, Inc.,438 U.S. 1, 11, 98 S.Ct. 2588, 57*
> *L.Ed.2d 553 (1978) (quoting Branzburg v. Hayes,408 U.S.*
> *665, 681–82, 92 S.Ct. 2646, 33 L.Ed.2d 626 (1972)).*
>
> *Glik v. Cunniffe, 655 F.3d 78, 82 (1st Cir. 2011)*

So it seems we have an undoubted right to gather information by any source by means within the law. So we can start by saying what's within the law, such as audio/video recording in public where there is no expectation of privacy. We know that is within the law because the definition for "oral communication" in the Florida 934.02 wiretapping statute tells us

> *(2) "Oral communication" means any oral communication uttered by a person **exhibiting an expectation that such communication is not subject to interception under circumstances justifying such expectation** and does not mean any public oral communication uttered at a public meeting or any electronic communication.*

Another journalist was covertly recording in a non public forum here in Florida and the incident ended up in the 11th circuit Appeals court.

> *Furthermore, in addition to the fact that an expectation of privacy must be exhibited, the statute also requires that the "circumstances" must "justify [an] expectation" of privacy. FLA. STAT . § 934.02. If no privacy-related ground rules were established in advance of this public meeting, then circumstances that could justify an expectation of privacy do not exist. This conclusion is firmly grounded in Florida law.*
>
> *McDonough v. Fernandez-Rundle, 862 F.3d 1314, 1320 (11th Cir. 2017)*

6

Privacy related ground rules is an important point, as this case was discussing a meeting in a private office and not an area open to the public generally.

The defense says the right is not well established, but I think the right to gather information being over 200 years old could possibly be considered as being well established. I think the defense is confusing clearly established and clearly understood. The right to go where we want on publicly accessable property when legally allowed to be there is clearly established. However I can see at least for the defense's lawyers it's not clearly understood.

Government agents ("They" dont get to call police and have citizens removed because "they" said so. Does the defense believe the defendant could roll up to a public park and start trespassing law abiding citizens because the janitor there doesn't like them wearing a red sox hat, or that something could happen?

> *"But, in our system, undifferentiated fear or apprehension of disturbance is not enough to overcome the right to freedom of expression."*
> *Tinker v. Des Moines Independent Community School Dist., 393 U.S. 503, 508 (1969)*

The defense asserts the complaint must be dismissed because it's against Jane/John Doe.

> *"We have created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be "at the very worst, surplusage." Dean v. Barber, 951 F.2d 1210, 1215-16 (11th Cir. 1992)." Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010)*

Lucky for the defense that the florida legislature was diligent in providing an excellent definition to narrow down the field. Florida statute 810.08(3) defines "person authorized" in a singular sense.

> *(3) As used in this section, the term "person authorized" means any owner or lessee, or his or her **agent***

We see the same use of singularity in 810.08 (1) as well.

> *is warned by the owner or lessee of the premises, or by a **person** authorized by the owner or lessee*

We notice that they are not describing agentS or personS, but rather a single authorized person. So while the case cited was dealing with a John Doe/guard in a building filled with guards, this is a case of a single authorized person in a building with only a single authorized person. There is a very high probability (100% that whoever was managing/supervisor of the building that day could only logically be the John/Jane Doe. I'm sure the defense will be willing to supply us the name of who was in charge that day in discovery so we can clear this mystery up.

For all the reasons listed above, I humbly ask this court to deny the defendant's motion to dismiss and allow this to continue to trail so justice may be done. Respectfully submitted this January 24, 2025.

## CERTIFICATE OF SERVICE

I hereby certify that on this the 24th day of January 2025, I have mailed copies of this response to the Clerk of the Court and counsel for the defendant.

/s/ Lana Patrick
Lana Patrick Pro Se
9378 Arlington Expy
PMB 204
Jacksonville, FL 32225
(904) 524-6030
thejtownpress@gmail.com