UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

LANA PATRICK,

       Plaintiff,

v.                                 CASE NO. 3:24-cv-197-WWB-MCR

LT. MAERTZ, etc., et al.,

       Defendants.

_____/

## REPORT AND RECOMMENDATION[1]

**THIS CAUSE** is before the Court on Defendants' Motions to Dismiss ("Motions") (Docs. 19 & 20) and Plaintiff's Responses thereto (Docs. 22 & 23). For the reasons set forth herein, the undersigned respectfully **RECOMMENDS** that: Plaintiff's Amended Complaint ("AC") (Doc. 18) be **STRICKEN** because it remains a shotgun pleading that fails to comply with numerous Federal Rules of Civil Procedure; the Motions (Docs. 19 & 20) be

---

[1] "Within 14 days after being served with a copy of [a report and recommendation on a dispositive motion], a party may serve and file specific written objections to the proposed findings and recommendations." Fed. R. Civ. P. 72(b)(2). "A party may respond to another party's objections within 14 days after being served with a copy." *Id.* A party's failure to serve and file specific objections to the proposed findings and recommendations alters the scope of review by the District Judge and the United States Court of Appeals for the Eleventh Circuit, including waiver of the right to challenge anything to which no specific objection was made. *See* Fed. R. Civ. P. 72(b)(3); 28 U.S.C. § 636(b)(1)(B); 11th Cir. R. 3-1.

**DENIED as moot**[2]; and Plaintiff be directed to file **one more, likely final**, amended complaint in accordance herewith.

## I.    Background

The Court previously struck Plaintiff's initial Complaint (Doc. 1) because it was a shotgun pleading that failed to comply with Federal Rule of Civil Procedure 8.  (Docs. 16 & 17.)  However, Plaintiff was provided an opportunity to file an amended complaint that cured the deficiencies noted by the Court in its prior Order.  (*Id.*)  Plaintiff then filed the AC, which is substantially similar to the initial Complaint, but actually contains more technical defects.  (*See* Doc. 18.)  In short, the AC not only remains a shotgun pleading, but it also fails to comply with numerous Federal Rules of Civil Procedure.  (*See id.*)

## II.    The AC Remains a Shotgun Pleadings

The Eleventh Circuit has gone to great lengths to explain the problems that shotgun pleadings cause:

> Shotgun pleadings, whether filed by plaintiffs or defendants, exact an intolerable toll on the trial court's docket, lead to unnecessary and unchannelled discovery, and impose unwarranted expense on the litigants, the court and the court's parajudicial personnel and resources.  Moreover, justice is delayed for the litigants who are standing in line, waiting for their cases to be heard.  The courts of appeals and the

---

[2] Because the undersigned recommends that the AC be stricken, the undersigned does not address the specific arguments raised in the Motions.

litigants appearing before them suffer as well.

*Cramer v. Florida*, 117 F.3d 1258, 1263 (11th Cir. 1997). The Eleventh Circuit has instructed that a district court "*must* intervene . . . and order a replead[ing]" of a shotgun complaint, even if the defendant does not move for a more definite statement. *Byrne v. Nezhat*, 261 F.3d 1075, 1133 (11th Cir. 2001) (emphasis added). Moreover, a shotgun pleading does not comport with the pleading requirements of Rule 8 or *Twombly* and *Iqbal* because it is not "a short and plain statement of the claim," and does not "allow[ ] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *See* Fed. R. Civ. P. 8(a)(2); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

"The unifying characteristic of all types of shotgun pleadings is that they fail . . . to give the defendants adequate notice of the claims against them and the grounds upon which each claim rests." *Weiland v. Palm Beach Cty. Sheriff's Office*, 792 F.3d 1313, 1323 (11th Cir. 2015). "A dismissal under Rules 8(a)(2) and 10(b) is appropriate where it is virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." *Id.* at 1325 (quotations and emphasis omitted).

The pleadings of *pro se* litigants must be liberally construed and "are held to less stringent standards than formal pleadings drafted by lawyers."

3

*Hughes v. Rowe*, 448 U.S. 5, 9 (1980) (per curiam). However, *pro se* litigants are subject to the same laws and rules of court as litigants who are represented by counsel. *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989). Therefore, the Court will not rewrite a *pro se* plaintiff's complaint to find a claim. *See Peterson v. Atlanta Hous. Auth.*, 998 F.2d 904, 912 (11th Cir. 1993).

Even liberally construed, the AC remains a shotgun pleading that fails to comply with Federal Rule of Civil Procedure 8 because it fails to give Defendants adequate notice of the claims against them. Specifically, Plaintiff still fails to incorporate any factual allegations into any of the four counts, making it virtually impossible to know which allegations of fact are intended to support which claim(s) for relief. (Doc. 18 at 2–3.) Thus, although Plaintiff no longer groups Defendants together in each count, it is still difficult to discern what each Defendant is being accused of because no facts are incorporated into any count, and the sparse allegations included in each count are insufficient to state any claim for relief. (*See id.*) In short, Plaintiff has failed to cure the deficiencies noted in the Court's prior Order. (Docs. 16 & 17.) Thus, the undersigned recommends that the AC be stricken.

## III.   The AC Fails to Comply with Numerous Federal Rules of Civil Procedure

In addition to remaining a shotgun pleading, the AC suffers multiple

new technical defects. Specifically, the AC does not contain a caption as required. *See* Fed. R. Civ. P. 10(a) ("Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint must name all the parties[.]"). The AC does not contain any of this information. (*See* Doc. 18 at 1.) Additionally, the AC does not provide "a short and plain statement of the grounds for the court's jurisdiction" as required by Federal Rule 8(a)(1). (*See id.*) Moreover, the AC does not contain a proper "demand for the relief sought" as required by Federal Rule 8(a)(3) because it only requests a jury trial. (*See id.* at 3.)

Further, the AC is not signed or dated as required. *See* Fed. R. Civ. P. 11(a)("Every pleading, written motion, and other paper must be signed by . . . a party personally if the party is unrepresented."). This is not a mere technicality, as Plaintiff's signature:

> [C]ertifies that to the best of [her] knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
> (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
> (2) the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
> (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; . . . .

Fed. R. Civ. P. 11(b).  Similarly, the Certificate of Service attached to the AC is not signed or dated as required by Federal Rule of Civil Procedure 5(a)(1) which states in part that "a pleading filed after the original complaint" must "be served on every party[.]"  Thus, the undersigned recommends that the AC be stricken for these reasons as well.

### IV.    Amendment

Plaintiff does not request leave to amend.  (*See* Docs. 22 & 23.)   Rather, in her Responses, Plaintiff attempts to clarify her claims and relies on a video allegedly provided to Defendants to do so.  (*Id.*)  At bottom, it appears that Plaintiff is attempting to cobble together a sufficient complaint by relying on portions of the initial Complaint, the AC, her Responses, and a video that allegedly shows the subject incident.  (*See id.*)  This is impermissible.

However, given her *pro se* status, the undersigned recommends that Plaintiff be provided **one more, likely final**, opportunity to file an amended complaint that cures all of the deficiencies set forth herein, as well as in the Court's prior Order.  In doing so, Plaintiff must file one single complaint that contains all allegations she wishes the Court to consider in support of her claims, and that complies with all Federal Rules of Civil Procedure.  *See* Fed. R. Civ. Pro. 15(a)(2) (allowing a party to amend its pleading with leave from court, which should be freely given when justice so requires); *Holbrook v.*

*Castle Key Ins. Co.*, 405 F. App'x 459, 460-61 (11th Cir. 2010) ("The district court has the inherent authority *sua sponte* to require the plaintiff to file a more definite statement.").

**V.    Conclusion**

Based on the foregoing, the undersigned respectfully **RECOMMENDS** that:

1.    Plaintiff's AC (**Doc. 18**) be **STRICKEN**.

2.    Defendants' Motions (**Docs. 19 & 20**) be **DENIED as moot**.

3.    Plaintiff be directed to file **one more, likely final**, amended complaint in accordance herewith **within 30 days** of the Court's Order on this Report and Recommendation.

**DONE AND ENTERED** in Jacksonville, Florida, on February 19, 2025.

MONTE C. RICHARDSON
UNITED STATES MAGISTRATE JUDGE

Copies to:

The Hon. Wendy W. Berger
United States District Judge

Counsel of Record

*Pro se* Plaintiff

7