UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

**LANA PATRICK**,

    Plaintiff,

v.                                                              Case No. 3:24-cv-197-WWB-MCR

**LIEUTENANT MAERTZ,
JOHN/JANE DOE,
CLAY COUNTY UTILITY AUTHORITY,**

    Defendants.
_____/

### DEFENDANT, LIEUTENANT MAERTZ', MOTION TO DISMISS THE PLAINTIFF'S SECOND AMENDED COMPLAINT PURSUANT TO RULE 12(b)(6), FEDERAL RULES OF CIVIL PROCEDURE

Defendant, Lieutenant Maertz, by and through her undersigned attorneys, hereby files this Motion to Dismiss the Plaintiff's Second Amended Complaint Pursuant to Rule 12(b)(6), Federal Rules of Civil Procedure ("Motion to Dismiss"), and in support thereof, states as follows:

    **I.**      **INTRODUCTION**

This is an action brought by the Plaintiff, Lana Patrick ("Patrick" or "Plaintiff"), against Defendants, Lieutenant Maertz ("Lt. Maertz"), John/Jane Doe ("Doe"), and the Clay County Utility Authority ("CCUA").

The original complaint ("Complaint") (Doc.1) was filed on February 20, 2024, and Lt. Maertz filed a motion to dismiss the Complaint (Doc.7) on March

1

25, 2024. Magistrate Judge Monte C. Richardson entered a Report and Recommendation (Doc.16) that the Complaint be stricken without prejudice for failure to comply with Rule 8 of the Federal Rules of Civil Procedure and that Lt. Maertz' motion to dismiss be denied as moot. District Court Judge Wendy W. Berger adopted the Report and Recommendation, struck the Complaint, denied the motion to dismiss as moot, and gave the Plaintiff up to thirty days to file an amended complaint (Doc.17).

The Plaintiff filed a 1st Amended Complaint ("FAC") on December 19, 2024 (Doc.18), and Lt. Maertz again filed a motion to dismiss (Doc.20). Still finding the FAC failed to comply with Rule 8 and other Rules of the Federal Rules of Civil Procedure, Judge Richardson issued a Report and Recommendation (Doc.24) in which he recommended the FAC be stricken, the motion to dismiss be denied as moot, and the Plaintiff afforded thirty days from the date of the Court's Order to file a second amended complaint. Judge Berger adopted the Report and Recommendation on May 21, 2025 (Doc.25).

The Plaintiff filed a Second Amended Complaint ("SAC"), the operative complaint, on June 6, 2025 (Doc.26). The Motion to Dismiss, filed on behalf of Mt. Maertz, requests the Court dismiss the SAC with prejudice.

## II. THE FACTS AND CLAIMS IN THE SAC

The facts in the SAC (Doc.26 at 2-3) are exactly the same facts alleged by the Plaintiff in the FAC (Doc.18 at 1-2) and the Complaint (Doc.1 at 7-8). The

2

claims in the SAC (Doc.26 at 3) against Lt. Maertz, First Amendment (Claim I) and First Amendment retaliation (Claim II), are exactly the same claims alleged by the Plaintiff in the FAC (Doc.18 at 2), and the Complaint (Doc.1 at 8).[1]

The facts, for the purpose of this Motion to Dismiss, are as follows:

1. On August 29, 2022, the Plaintiff was in Clay County to record the public employees of the Clay County Utilities Department.

2. After going through the building, the Plaintiff decided to check the grounds outside of the building.

3. The Plaintiff, while outside looking through windows of the building to determine if the employees were on Facebook, was accosted by two gentlemen who informed the Plaintiff she was "pressing the security boundaries of the building."

4. The Plaintiff then proceeded to re-enter the building.

5. Lt. Maertz arrived and informed the Plaintiff that "they" are asking her to leave the building.

6. Lt. Maertz threatened the Plaintiff with arrest if she did not leave the building.

### III. STANDARD OF REVIEW

---

[1] In the Complaint, the Plaintiff joined Lt. Maertz with Defendants John/Jane Doe into the two claims, and then split them apart in the FAC and SAC. However, the claims remain the same in the Complaint, the FAC, and the SAC.

A Rule 12(b)(6) motion to dismiss questions the legal sufficiency of a complaint. In assessing the merits of a Rule 12(b)(6) motion, the court must assume all the factual allegations set forth in the complaint are true. *Powell v. Lennon*, 914 F.2d 1459, 1463 (11th Cir. 1990). In evaluating the sufficiency of a complaint, the court must accept "well pleaded facts as true and resolve them in the light most favorable to the plaintiff." *Beck v. Deloitte & Touche*, 144 F.3d 732, 735 (11th Cir. 1998). However, if the plaintiff can prove no set of facts that would entitle him/her to relief, then the defendant is entitled to a dismissal for failure to state a claim. Although the plaintiff is not held to a very high standard on a Rule 12(b)(6) motion, the plaintiff is still required to "allege some specific factual basis for those conclusions or face dismissal" of the claim. *Jackson v. Bellsouth*, 372 F.3d 1250, 1263 (11th Cir. 2004). "The tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. *Id*. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

IV. **ARGUMENT**

A. **The SAC, like the FAC and the Complaint, remains a "shotgun" pleading and should be dismissed with prejudice.**

Judge Richardson, in his Report and Recommendation (Doc.24) concerning the FAC, divided his review into two sections: (1) the FAC was an impermissible

4

shotgun pleading, and (2) the FAC suffered from other deficiencies under the Federal Rules of Civil Procedure.

As to his finding that the FAC was a shotgun pleading, Judge Richardson stated that it failed to give the Defendants adequate notice of the claims against them (Doc.24 at 4). "Specifically, Plaintiff still fails to incorporate any factual allegations into any of the four counts, making it virtually impossible to know which allegations of fact are intended to support which claim(s) for relief" (Doc.24 at *id.*). Holding that the FAC failed "to cure the deficiencies noted in the Court's prior Order," Judge Richardson recommended that the FAC be stricken (Doc.24 at *id.*).

The Report and Recommendation also noted several other deficiencies in the FAC such as the lack of a caption, name of the parties, case number, jurisdictional statement, and a proper "demand for the relief requested" (Doc.24 at 7). The FAC was also not signed or dated by the Plaintiff (Doc.24 at *id.*).

Though not requested by the Plaintiff, Judge Richardson recommended the Plaintiff have another, "likely final," chance to amend the FAC to bring into conformity with Rule 8 and other civil procedure rules (Doc.24 at 6-7).

The Plaintiff has not heeded the admonitions of Judge Richardson, but simply added a paragraph on jurisdiction, a caption, and signed the SAC. No attempt has been made to address the shotgun pleading issue. The SAC lacks sufficient facts in both Claims I and II to afford Lt. Maertz the opportunity to

5

respond to the SAC. The statements in the SAC are conclusory and vague and do not meet the requirements of Rules 8 and 10 of the Federal Rules of Civil Procedure. Therefore, having failed to correct the SAC as a shotgun pleading, the SAC should be dismissed with prejudice.

> **B.** **In the event the Court does not dismiss the SAC as a shotgun pleading, Lt. Maertz is entitled to qualified immunity.**

If the Court does not dismiss the SAC as a shotgun pleading, then Lt. Maertz is entitled to the defense of qualified immunity. We begin with the qualified immunity framework. The reasoning behind the qualified immunity rule is to seek a proper balance between two competing interests. "On one hand, damages suits may offer the only realistic avenue for vindication of constitutional guarantees." *Ziglar v. Abbasi*, 582 U.S. 120, 150 (2017) (quoting *Harlow v. Fitzgerald*, 457 U.S. 800, 814 (1982)). "On the other hand, permitting damages suits against government officials can entail substantial costs, including the risk that fear of personal monetary liability and harassing litigation will unduly inhibit officials in the discharge of their duties." *Id.* (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)).

Qualified immunity gives officials "breathing room to make reasonable but mistaken judgments about open legal questions" *Ashcroft v. al-Kidd*, 563 U.S. 731, 743 (2011), and is intended to protect "all but the plainly incompetent or those who knowingly violate the law." *Id.*; *Mullenix v. Luna*, 577 U.S. 7, 12 (2015)

(quoting *Malley v. Briggs*, 475 U.S. 335, 341 (1986)). The qualified immunity analysis is limited to "the facts that were knowable to the defendant officers" at the time they engaged in the conduct in question. *White v. Pauly*, 580 U.S. 73, 76-7 (2017) (per curium) (citing *Kingsley v. Hendrickson*, 576 U.S. 389, 399 (2015)).

In resolving the defense of qualified immunity, the Court employs a multi-step, burden shifting analysis. As an initial matter, the public official must first "prove that [they were] acting within the scope of [their] discretionary authority when the allegedly wrongful acts occurred." *Penley v. Eslinger*, 605 F.3d 843, 849 (11th Cir. 2010) (quoting *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002)). An officer is acting within his discretionary authority if [they are] "performing a legitimate job-related function…through means that were within [their] power to utilize." *Holloman v. Harland*, 370 F.3d 1252, 1265 (11th Cir. 2004).

If discretionary authority is demonstrated, the burden shifts to the plaintiff. *Lee v. Ferraro*, 284 F.3d 1188, 1194 (11th Cir. 2002) (if state actor is acting within the scope of discretionary authority, plaintiff bears the burden of showing that qualified immunity is not appropriate). *Davis v. Waller*, 44 F.4th 1305, 1312 (11th Cir. 2022).

In *Saucier v. Katz*, 533 U.S. 194 (2001), the Supreme Court mandated a two-step approach for qualified immunity claims. First, a court must decide whether the facts that a plaintiff has alleged make out a violation of a constitutional right. *Id*. at 201. Second, the court must decide whether the right at

issue was "clearly established" at the time of the defendant's alleged misconduct. *Id. Reichle v. Howards*, 566 U.S. 658, 664 (2012); *Davis v. Waller*, 44 F.4th 1305, 1312 (11th Cir. 2022); *Powell v. Snook*, 25 F.4th 912, 920 (11th Cir. 2022).

Both elements of the analysis must be present for an officer to lose qualified immunity. *Brown v. City of Huntsville, Alabama*, 608 F.3d 724, 734 (11th Cir. 2010). In *Pearson v. Callahan*, 555 U.S. 223 (2009), the Supreme Court held that lower courts were free to determine the order of decision making that will best facilitate a qualified immunity decision. *Id*. at 235-36; *Plumhoff v. Rickard*, 572 U.S. 765, 774 (2014).

There is no question that Lt. Maertz was acting in her discretionary capacity, and so we move on to the whether the Plaintiff can show a constitutional violation, and if so, whether the constitutional right was clearly established at the time of the incident.

1. <u>There was no constitutional violation.</u>

The facts as alleged in the SAC do not support a constitutional violation. The CCUA is not a public forum in the same way as a city commission meeting building or courthouse are. The First Amendment protects speech or expression in public forums, but simply because a governmental entity owns a building and conducts business in the building, does not make it a public forum. *See Patrick v.*

8

*McGuire*, 2024 WL 4803217, Case No. 8:24-cv-999, (M.D. Fla. November 15, 2024) (citations omitted) [2]; *Bloedorn v. Grube*, 631 F.3d 1218, 1230 (11th Cir. 2011).

Lt. Maertz did not violate the Plaintiff's constitutional rights under the First Amendment. There is no precedent that has held there is a First Amendment right for a person to have complete access to any government owned building, including the right of that person to film inside or outside the building. The Plaintiff has no protected First Amendment right, and therefore no constitutional violation took place.

2. <u>No clearly established precedent.</u>

The Supreme Court and the Eleventh Circuit have determined the factors to be considered in the "clearly established" step of qualified immunity. "To be clearly established, a right must be sufficiently clear that 'every reasonable official would [have understood] that what he is doing violates the right." *Reichle*, 566 U.S. at 664 (citations omitted). "In other words, 'existing precedent must have placed the statutory or constitutional question beyond debate'" *Id*. (citations omitted). "[A] defendant cannot be said to have violated a clearly established right unless the right's contours were sufficiently definite that any

---

[2] The District Court's decision is on appeal to the Eleventh Circuit Court of Appeals, Case No.24-14001. However, the Circuit Court dismissed the appeal for lack of prosecution on January 23, 2025. The Plaintiff filed a motion to reinstate the appeal on February 5, 2025, but the Circuit Court entered an Order on February 7, 2025 that no action would be taken on the motion to reinstate as the previous deficiencies leading to the dismissal had not been cured. According to the docket sheet, no further action has been taken on the appeal.

reasonable official in the defendant's shoes would have understood that he was violating it." *Plumhoff v. Rickard*, 572 U.S. 765, 778 (2014); *Carroll v. Carman*, 574 U.S. 13, 16 (2014); *City and County of San Francisco v. Sheehan*, 575 U.S. 600, 611 (2015).

The Supreme Court has repeatedly told lower courts not to define clearly established law at a high level of generality. *Mullenix v. Luna*, 577 U.S. 7, 12 (2015) (citation omitted); *White v. Pauly*, 580 U.S. 73, 79 (2017) (citation omitted); *Kisela v. Hughes*, 584 U.S. 100, 104 (2018) (citation omitted). Clearly established law must be particularized to the facts of the case. *White*, 580 U.S. at 79. "Otherwise, '[p]laintiffs would be able to convert the rule of qualified immunity…into a rule of virtually unqualified liability simply by alleging violation of extremely abstract rights.'" *Id*.

"A right may be clearly established in one of three ways: (1) case law with indistinguishable facts clearly establishing the constitutional right; (2) a broad statement of principle within the Constitution, statute, or case law that clearly establishes a constitutional right; (3) conduct so egregious that a right was clearly violated, even in the total absence of case law." *Baxter v. Roberts*, 54 F.4th 1241, 1263 (11th Cir. 2022). "If the law at the time did not clearly establish that the officer's conduct would violate the Constitution, the officer should not be subject to liability or, indeed, even the burdens of litigation." *Brosseau v.* Haugen, 543 U.S. 194, 198 (2004).

In the present case, the Plaintiff simply cannot rely on the broad rights established by the First Amendment, but must point to some precedent that presents facts significantly similar to those in this matter.

To the contrary, in *Patrick*, the District Court dismissed the Plaintiff's First Amendment trespass and retaliation claims finding that there was no constitutional violation. *Id.* Therefore, even assuming the Plaintiff could establish a constitutional violation, there is no clearly established law that places the issue "beyond debate." *See also Sheets v. City of Punta Gorda, Fla.*, 415 F. Supp.3d 1115 (M.D. Fla. 2009) (citations omitted).

## V. CONCLUSION

Defendant, Lt. Maertz, respectfully requests that for the reasons set forth above, this Court dismiss the SAC with prejudice, and for such other and further relief the Court deems just and proper.

Dated: June 20, 2025

## RULE 3.01(g) CERTIFICATION

Pursuant to Rule 3.01(g) of the Local Rules of the United States District Court for the Middle District of Florida, undersigned counsel represents he has conferred with the Plaintiff by telephone on June 19, 2025 regarding the relief requested in this Motion to Dismiss, and Plaintiff indicated that she opposed this Motion to Dismiss.

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on this 20th day of June, 2025, a true copy hereof has been electronically filed with the Clerk of the Court using the CM/ECF system which will send notice of electronic filing to the following: **Alison H. Sausaman, Esquire,** Carr Allison, 200 West Forsyth Street, Suite 600 Jacksonville, FL 32202 and by Certified Mail to Plaintiff, Lana Patrick, 9378 Arlington Expressway, PMB 204, Jacksonville, Florida 32225.

/s/ Bruce R. Bogan
Bruce R. Bogan, Esquire
Fla. Bar No. 599565
Gary M. Glassman, Esquire
Fla. Bar No. 0825786
Hilyard, Bogan & Palmer, P.A.
Post Office Box 4973
Orlando, FL 32802-4973
Telephone: 407-425-4251
Facsimile: 407-841-8431
Email: bbogan@hilyardlawfirm.com
gary@hilyardlawfirm.com
Attorneys for Defendant Lt. Maertz