**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

LANA PATRICK,

                Plaintiff,

vs.

                  CASE NO.:  3:24-cv-197-WWB-MCR

MAERTZ and JOHN/JANE DOE,

                Defendants.

_____

**DEFENDANT JOHN/JANE DOE'S MOTION TO DISMISS
PLAINTIFF'S SECOND AMENDED COMPLAINT
AND INCORPORATED MEMORANDUM OF LAW**

Defendant, JOHN/JANE DOE,[1] ("Defendant Doe") described in Plaintiff's Complaint only as an individual "employed by Clay county utilities", pursuant to Rules 8, 10, and 12, Federal Rules of Civil Procedure, moves the Court to dismiss Plaintiff's Second Amended Complaint on the following grounds:

---

[1] The undersigned represents Clay County Utility Authority ("CCUA") and is appearing and moving to dismiss on behalf of the unidentified CCUA employee, "John/Jane Doe". By responding to this Complaint, CCUA does not concede that service as to Defendant Doe was proper, nor does CCUA subject itself to the jurisdiction of this Court for purposes of a Second Amended Complaint. CCUA is responding out of an abundance of caution because, although in the present form the claims against Defendant Doe are improper, they may impact or produce issues of vicarious liability for CCUA.

1.    Plaintiff filed her first Complaint ("Complaint") on February 20, 2024, naming two Defendants, who Plaintiff identified as "Lt. Maertz CCSO" and "John/Jane Doe Clay County Utility Authority". [ECF 1].

2.    Plaintiff has, to date, never effectuated service upon the "John/Jane Doe" Defendant, who is still unidentified and remains fictitious in nature. [ECF 26].

3.    Since filing her first Complaint, which was dismissed, Plaintiff has now had two opportunities to amend her complaint, which remains an impermissible shotgun pleading. [ECFs 1, 18, 26].

4.    On February 19, 2025, United States Magistrate Judge Monte C. Richardson again entered his Second Report and Recommendation recommending that Plaintiff's First Amended Complaint be stricken for being a shotgun pleading and for violating numerous Federal Rules of Civil Procedure. [ECF 24].

5.    Judge Richardson further recommended that Plaintiff be given "**one more, likely final,** opportunity to file an amended complaint that cures all of the deficiencies set forth herein, as well as in the Court's prior Order." Id. (emphasis in original). [Id.].

6.    On May 21, 2025, this Court entered its Order adopting the Second Report and Recommendation, striking Plaintiff's Amended

Complaint. [ECF 25].

7.      On June 6, 2025, Plaintiff filed her Second Amended Complaint ("Second Amended Complaint") in this suit. [ECF 26].

8.      Plaintiff's Second Amended Complaint is virtually identical to the prior versions dismissed by the Court. The only substantive change appears to be the addition of the case caption at the top of the document and a brief paragraph asserting jurisdiction. [ECF 18, 26; p. 1].

9.      Plaintiff fails to clearly identify in the heading of each "claim" which party the claim is asserted against. However, in reviewing the body of the claims, it appears that Plaintiff is attempting to bring Claims III and IV of the Second Amended Complaint against Defendant John/Jane Doe.

10.     Additionally, Plaintiff has—for the third time—failed to incorporate any factual allegations to support her causes of action and failed to address and incorporate any of the changes required by this Court. [ECF 26, Claims I - IV].

11.     As previously outlined in the Second Report and Recommendation on Plaintiff's First Amended Complaint, whose causes of actual remain unchanged in the Second Amended Complaint, this results in a situation where the "Defendants and the Court are left to guess which facts support each claim." [ECF 16, p. 5].

12.    Plaintiff has failed to make a sincere effort to remedy the shotgun nature, and procedural deficiencies, is her Second Amended Complaint, which is nearly identical to her defective, dismissed, Amended Complaint. [ECF 18, 26].

13.    Accordingly, the issues identified in the original Complaint and Amended Complaint by Judge Richardson's most recent Reports and Recommendations remain. [ECF 1, 18, 24, 26].

14.    Claim III again asserts that:

> Defendant John/Jane Doe violated my rights by having me unlawfully removed from a place I have a right to be in and report on. Specifically violating my right of access/right to gather information and my liberty interest in public property

[ECF 26, p. 3].

15.    The allegations in Count III remain vague and conclusory in nature and are not supported by the few facts alleged in Plaintiff's Second Amended Complaint. Count III also fails to incorporate any allegations of fact made in the Second Amended Complaint and fails to provide specific allegations of fact to support the vague and conclusory statements made therein.

16.    Claim IV of Plaintiff's Second Amended Complaint, which states:

> Defendant John/Jane Doe violated my rights because I was engaged in exercising my rights. It is clear that my

4

> information gathering was the motivating factor for them to violate my rights.

is so vague and circular that it is impossible to formulate a response other than to assert that it must be dismissed as a vague and conclusory statement. [ECF 26, p. 3].

17.    Plaintiff's Second Amended Complaint should be dismissed because it fails to comply with the minimal pleading requirements set forth in Rules 8 and 10 of the Federal Rules of Civil Procedure and fails to state valid cause of action against Defendant Doe.

18.    Regardless of the ongoing pleading issues outlined herein, Plaintiff's Complaint must be dismissed because it improperly names a fictitious party, which is not permitted in federal court. New v. Sports Rec., Inc., 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997) ("fictitious party practice is not permitted in federal court.").

19.    Plaintiff's Second Amended Complaint is replete with conclusory allegations and fails to provide any specific facts showing entitlement to relief. Plaintiff fails to identify Defendant Doe; fails to identify what Defendant Doe did that amounted to an unlawful trespass; fails to identify the at issue protected speech; and fails to identify how Defendant Doe interfered with Plaintiff's exercise of that protected speech. Therefore, Defendant is without sufficient notice of the claims against it to formulate a defense or respond to

the Second Amended Complaint.

20.    Finally, to the extent that Plaintiff's recording of CCUA employees is determined to be a protected first amendment activity by the Court, Defendant Doe is entitled to qualified immunity.

21.    The Second Amended Complaint is Plaintiff's third "bite at the apple." Since filing the Original Complaint on February 20, 2024—despite significant guidance by this Court and multiple opportunities to address the pleading issues—Plaintiff has refused and/or failed to provide an appropriate operative pleading. Therefore, Plaintiff's Second Amended Complaint must be dismissed with prejudice. Haines v. Kerner, 404 U.S. 519, 520 (U.S. 1972); Sanders v. Fluor Daniel, Inc., 151 F.R.D 138, at 139 (M.D. Fla. 1993).

WHEREFORE, based on the reasons stated above, along with the arguments contained in the Memorandum of Law below, Defendant Doe respectfully requests the Court grant this Motion, dismiss Plaintiff's Second Amended Complaint, and provide any further relief deemed just and proper.

## **MEMORANDUM OF LAW**

### I.    **Plaintiff's Second Amended Complaint Should be Dismissed with Prejudice**

As summarized above, the second Report and Recommendation on

Plaintiff's Amended Complaint indicated that the instant Second Amended Complaint would likely constitute Plaintiff's final opportunity to cure the deficiencies that have plagued her prior complaints. [ECF 24]. Instead of attempting to remedy the issues in her First Amended Complaint, Plaintiff has opted to put forward a Second Amended Complaint which is identical to her last complaint; other than the addition of a case caption, a title, and the addition of a heading for the jurisdiction section of the complaint. [ECF 18, 26].

Plaintiff has repeatedly failed to follow the Federal Rules of Civil Procedure, despite this Court's numerous opportunities and clear guidance. While pro se complaints are held to "less stringent standards than formal pleadings drafted by lawyers," self-representing litigants are not above the rules. Haines v. Kerner, 404 U.S. 519, 520 (U.S. 1972). As Sanders v. Fluor Daniel, Inc., citing Haines, "there can be no lenient exception granted for a Plaintiff's failure to comply with the formal Rules of Civil Procedure." Sanders v. Fluor Daniel, Inc., 151 F.R.D 138, at 139 (M.D. Fla. 1993). Plaintiff has now filed three complaints. Each has failed to fix the procedural and substantive flaws previously identified by the Court, resulting in pleadings that remain vague, conclusory, and unsupported. This ongoing conduct unduly prejudices the judicial process and unduly burdens both the Court

and the Defendant.

Plaintiff's Second Amended Complaint is almost identical to the previous one, demonstrating a clear disregard for this court's directives and a persistent failure to cure identified defects, particularly the shotgun pleading format. As the Eleventh Circuit affirmed in Jackson v. Bank of America, N.A, when a plaintiff fails to cure pleading deficiencies after being put on notice, the district court "does not abuse its discretion in dismissing the case with prejudice on shotgun pleading grounds." Jackson v. Bank of Am., N.A., 898 F.3d 1348, 1358 (11th Cir. 2018). Jackson explicitly dealt with an amended complaint that was "afflicted with the same defects" as the original and noted that such an incomprehensible pleading warranted dismissal with prejudice. Id. at 1358-59. Indeed, the court characterized the repeated filing of incomprehensible pleadings as "an abuse of judicial process" when used to delay or obstruct justice. Id. at 1352.

Dismissal with prejudice is warranted under the circumstances present in the instant case. While a district court must give a plaintiff "one chance to remedy such deficiencies" in a shotgun complaint, the crucial factor is whether the plaintiff had "fair notice of the defects and a meaningful chance to fix them." Id. at 1358 (quoting Vibe Micro, Inc v. Shabanets, 878 F. 3d 1291, 1295 (11th Cir. 2018)). If that opportunity is afforded and the plaintiff

fails to remedy the defects the court does not abuse its discretion in dismissing the case with prejudice. Id.

Here, Plaintiff has been given not one, but multiple opportunities to amend her complaint, and this Court has provided clear guidance regarding the procedural and substantive defects. Despite these opportunities, each subsequent filing has largely replicated the prior deficiencies. Plaintiff's non-compliance constitutes an abuse of judicial process. Further amendment would be futile and dismissal with prejudice is the appropriate remedy to prevent undue burden on the Defendant and the Court's limited resources.

Beyond being repetitive, Plaintiff's complaints consistently fail to provide enough specific details to present a valid legal claim under Federal Rule of Civil Procedure 8(a). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Doe v. Red Roof Inns, Inc., 21 F. 4th 714, 723 (11th Cir. 2021) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). Instead, a plaintiff must provide enough facts that, if accepted as true, "state a claim to relief that is plausible on its face." Id. (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). Plaintiff's repeated inability to meet this basic pleading standard, despite ample opportunities, clearly demonstrates that any further attempts to amend would be futile. Consequently, dismissal of this action with prejudice

under Federal Rule of Civil Procedure 12(b)(6) is appropriate.

### II. All Counts Against the Fictitious John/Jane Doe Defendant Must be Dismissed for Improper Service of Process and Lack of Personal Jurisdiction.

Plaintiff's causes of action against the fictitious Defendant Doe must be dismissed. New v. Sports Rec., Inc., 114 F.3d 1092, 1094 n. 1 (11th Cir. 1997) ("fictitious party practice is not permitted in federal court."). Dismissal of a claim against an inadequately identified defendant is generally proper. Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010).

In addition, the Plaintiff has not established that appropriate service of process was effectuated so as to subject Defendant Doe—or their employer—to the jurisdiction of this Court. "Service of process is a jurisdiction requirement: a court lacks jurisdiction over the person of a defendant when that defendant has not been served." Pardazi v. Cullman Med. Center, 896 F.2d 1313, 1317 (11th Cir. 1990). Absent service of process, all proceedings against the defendant are void. See Kelly v. Fla., 233 F.R.D. 632, 634 (S.D. Fla. 2005), aff'd, 233 F. App'x 883 (11th Cir. 2007). "It is plaintiff's burden to establish proper service of process when challenged." Id. "The statutory method of service is exclusive and must be strictly followed." Id. at 634.

Further, if a defendant is not served within ninety days after the complaint is filed, the court must dismiss the action without prejudice against that defendant or order that service be made within a specified time for good cause shown. Fed. R. Civ. P. 4(m).  Good cause exists to extend the time for service "only when some outside factor[,] such as reliance on faulty advice, rather than inadvertence or negligence, prevented service." Lepone-Dempsey v. Carroll County Comm'rs, 476 F.3d 1277, 1281 (11th Cir. 2007).

Although Plaintiff identifies Defendant Doe as an employee of the CCUA—and provides the physical address for the CCUA—this information is insufficient for the Court to effect service of process on Defendant Doe or to identify the individual at issue. See Dean v. Barber, 951 F.2d 1210, 1215-1216 (11th Cir. 1992). Plaintiff has not attempted to remedy the lack of service of process with her Second Amended Complaint.

The service of process forms Plaintiff provided to the Court contain no additional information describing Defendant Doe. As drafted, Plaintiff's Second Amended Complaint serves as a violation of the yet-to-be-named employee's rights as they cannot be properly served and therefore have no notice of this pending action. Further, service of a complaint against an unidentified employee's employer is clearly insufficient to subject Defendant Doe or the CCUA to the jurisdiction of this Court. Therefore, Plaintiff's claims

as to Defendant Doe must be dismissed.

### III. The Second Amended Complaint Fails to State a Claim upon which Relief May Be Granted.

In order to state a valid cause of action, a pleader is required to assert a short and plain statement of the claim establishing they are entitled to relief. Fed. R. Civ. P. 8(a)(2). Labels and legal conclusions, standing alone, are insufficient to state a valid cause of action. Peterson v. Atlanta Hous. Auth., 998 F.2d 904, 912 (11th Cir. 1993); Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)) ("[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."); Ainsworth v. City of Tampa, No. 8:10-cv-293-T-23TGW, 2010 U.S. Dist. LEXIS 54742, at *21 (M.D. Fla. June 2, 2010) (noting that legal conclusions can form the overall framework for a Complaint, but there must be factual allegations in order for a claim to proceed). "While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Id. (citations and internal quotation marks omitted). Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555

(2007).

Therefore, to survive a motion to dismiss, a plaintiff's complaint "must now contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" ADA v. Cigna Corp., 605 F.3d 1283, 1289 (11th Cir. 2010) (quoting Twombly, 550 U.S. at 570). In considering a motion to dismiss under this plausibility standard, courts follow a two-pronged approach. First, a court must "eliminate any allegations in [a] complaint that are merely legal conclusions." Id. at 1290 (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). Second, a court must take any remaining well-pled factual allegations and, "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." Id. (citing Iqbal, 129 S. Ct. at 1950) (internal quotation marks omitted). In sum, Rule 8's pleading standard "does not require 'detailed factual allegations,' but demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." Iqbal, 129 S. Ct. at 1949 (citing Twombly, 550 U.S. at 555).

In the present case, Plaintiff has not alleged sufficient factual matters to state a claim upon which relief may plausibly be granted. The allegations made by Plaintiff in support of her First Amendment and First Amendment Retaliation claims are conclusory and lack the baseline specificity necessary to survive a motion to dismiss. Clark v. Sierra, 837 F. Supp. 1179, 1181 (M.D.

Fla. 1993) ("In civil rights actions, it has been held that a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory"). Further, Defendant has fully set forth the substantive deficiencies with respect to each of these claims in Section III of this Motion. Therefore, Plaintiff's Second Amended Complaint must be dismissed.

### IV.    The Complaint Violates Rule 10.

Plaintiff continues to commingle separate and distinct claims against the Defendants in the Second Amended Complaint. Federal Rule of Civil Procedure 10(b) provides, in pertinent part, that "[a] party must state its claims or defenses in numbered paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Additionally, "[i]f doing so would promote clarity, each claim founded on a separate transaction or occurrence . . . must be stated in a separate count . . . ." Fed. R. Civ. P. 10(b). Plaintiff's claims against the Defendants involve distinct actors, events, actions, and occurrences. However, Plaintiff's Second Amended Complaint continues to commingle the allegations against the Defendants. For example, Count II of Plaintiff's Complaint appears to assert a cause of action for retaliation against Defendant Maertz, but also includes an undefined conspiracy as to "they," which may be directed toward Defendant Maertz or to the unidentified CCUA employee. Although Plaintiff

has reformatted her Second Amended Complaint to include Claims I-IV, the allegations and comingling of potential causes of action persists.

Plaintiff's Second Amended Complaint constitutes impermissible shotgun pleading as it alleges multiple causes of action in single counts and comingles the alleged actions of the Defendants. As a result, Defendant does not have adequate notice of the claims against it and cannot properly respond to such. Accordingly, the Second Amended Complaint should be dismissed.

## V.    Defendant Doe is Entitled to Qualified Immunity.

Qualified immunity offers complete protection for government officials sued in their individual capacities if their conduct "does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Vinyard v. Wilson, 311 F.3d 1340, 1346 (11th Cir. 2002) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)). Once it is clear that the official was acting within the scope of discretionary authority, "the burden shifts to Plaintiff to show that qualified immunity is not appropriate." Lee v. Ferraro, 284 F.3d 1188, 1194 (11th Cir. 2002). Therefore, Plaintiff bears the burden of showing that qualified immunity does not apply. "To overcome qualified immunity, the plaintiff must satisfy a two-prong test; he must show that: (1) the defendant violated a right, and (2) this right was clearly

established at the time of the alleged violation." Id. The Court has discretion in deciding which of those two prongs to address first. Pearson v. Callahan, 555 U.S. 233, 236 (2009).

### a. Defendant Doe's Actions did not Violate the Constitution.

Plaintiff alleges no specific facts regarding what Defendant Doe did in her Second Amended Complaint. Plaintiff does make the conclusory allegation that "Doe violated my rights by having me unlawfully removed from a place I have a right to be in and report on. Specifically violating my right of access/right to gather information and my liberty interest in public property." [ECF 18, p. 2]. The CCUA property is not a public forum in the sense of a legislature, commission meeting hall, zoning board meeting, or courthouse. CCUA is an independent special district water utility created by Florida Legislation in 1994. Ch. 94-491, § 1, at 232 (1994).[2] Plaintiff's Second Amended Complaint merely provides that Plaintiff was in Clay County to "record the public employees of the Clay County utilities Department" and that she "looked into any open window to see if the employees were working or playing on Facebook." [ECF 26, p. 2]. Plaintiff does not provide any further allegation regarding the subject or scope of what Plaintiff was

---

[2] This is a matter of common knowledge for which the court can take judicial notice pursuant to Fed. R. of Evid. 201.

recording or why it was a matter of public concern and protected speech.

It is axiomatic that the First Amendment does not protect all speech, but rather only speech relating to matters of public concern. Elrod v. Burns,427 U.S. 347, n. 29 (1976) ("the purpose of the First Amendment includes the need… 'to protect parties in the free publication of matters of public concern, to secure their right a free discussion of public events and public measures….'") (quoting Wood v. Georgia, 370 U.S. 375, 392 (1962); see also Waters v. Churchill, 511 U.S. 661, 668 (1994) (First Amendment protects government speech only when it relates to a matter of public concern and the employees' interest is not outweighed by injury the speech could cause such as "in promoting the efficiency of the public service it performs through its employees."). The First Amendment protects expression in public forums such as hearings and law enforcement activities. However, simply because a government entity owns a building and conducts some of its operations therein, does not make it a public forum where unfettered access to and filming can occur. The First Amendment does not guarantee the right to record governmental employees' working in a government building.

> The Government, like any private landowner, may preserve
> the property under its control for the use to which it is lawfully
> dedicated. Likewise, a government workplace, like any place
> of employment, exists to accomplish the business of the

employer. **It follows that the government has the right to exercise control over access to the government workplace in order to avoid interruptions to the performance and duties of its employees**.

Sheets v. City of Punta Gorda, Fla., 415 F. Supp. 3d 1115, 1122-23 (M.D. Fla. 2009) (internal citations omitted) (emphasis added).

"It is by now clear that the First Amendment does not guarantee access to property just because it is owned by the government." Bloedorn v. Grube, 631 F.3d 1218,1230 (11th Cit. 2011). Instead, courts use forum analysis to evaluate government restrictions on purely private speech that occurs on government property." Keister v. Bell, 879 F.3d 1282, 1288 (11th Cir. 2018) (internal citations omitted). For First Amendment purposes, government property falls into three categories: public property, limited public property, and nonpublic property. Perry Educ. Ass'n v. Perry Local Educators Ass'n, 460 U.S. 37, 45 (1983). While strict limitations are placed on the government's ability to regulate speech in the first two categories, for nonpublic properties, such as a county's probation office, this is not the case.

In addition to time, place, and manner regulations, the state may reserve the forum for its intended purpose, communicative of otherwise, as long as the regulation on speech s reasonable and not an effort to suppress expression merely because public officials oppose the speaker's view.

Perry Educ. Ass'n v. Perry Local Educator Ass'n, 460 U.S. 37, 45 (1983).

The Eleventh Circuit has held, generally, that the First Amendment

18

protects the right, "subject to reasonable time, manner and place restrictions, to photograph or videotape police conduct." Smith v. Cumming, 212 F.3d 1332, 1333 (11th Cir. 2000). Additionally, the First Amendment protects the right to record public meetings and public events. Blackstone v. State of Alabama, 30 F.3d 117 (11th Cir. 1994); Toole v. City of Atlanta, 798 Fed. App'x 381 (11th Cir. 2019). Notably, Plaintiff's Second Amended Complaint does not allege that Plaintiff came to CCUA to record either of these activities. While a Sheriff's Deputy is alleged to have trespassed Plaintiff from the property, Plaintiff alleges that she was there to "record the public employees of the Clay County Utility Authority." It is important to note that the Second Amended Complaint does not allege that Plaintiff sought to capture police conduct; does not allege that Plaintiff sought to record a public meeting or event; and certainly, does not allege that Defendant Doe interfered with Plaintiff's efforts to engage in recording either these activities. [ECF 26, generally].

There is no precedential case law that has held there is a First Amendment right for complete access to any government owned building, including the right film, without limitation. While Plaintiff allege, she was on public property during the filming that alone is not enough to establish that a protected first amendment right was violated.

### a. Defendant Doe did not Violate Clearly Established Constitutional Law.

A plaintiff can demonstrate the contours of a right were clearly established in one of three ways. Loftus v. Clark-Moore, 690 F.3d 1200, 1204 (11th Cir. 2012). First, they can point the Court to a "materially similar case [that] has already been decided." Id. Second, they can point the Court to a "broader, clearly established principle that should control the novel facts of the situation." Id. Third, "the conduct involved in the case may so obviously violate the Constitution that prior case law is unnecessary." Id. at 1205. Plaintiff's argument fails under all three approaches.

Plaintiff merely alleges that Defendant Doe retaliated against Plaintiff because "[she] was engaged in exercising [her] rights." [ECF No. 26, Claim IV]. Plaintiff also alleges that that she was "in Clay County to record the public employees of the Clay County utilities Department." Id. ¶ 5. Plaintiff's First Amendment claims turn on whether there was a "clearly established right" to film the CCUA employees at issue. Plaintiff fails to allege the existence of controlling authority that should have put Defendant Doe on fair notice that their conduct would violate Plaintiff's "First Amendment right" to record employees of the CCUA.

The First Amendment right to record police activity in public may be clearly established. E.g., Smith v. City of Cumming, 212 F.3d 1332, 1333

(11th Cir. 2000). This right is "subject to reasonable time, manner and place restrictions." Id. Yet the right to record within a governmental building or nonpolice public employees working inside a governmental building is another matter.

In Sheets, a similar case considered by the Middle District of Florida, neither the parties nor the Court could find any controlling law on that point. Sheets, 415 F. Supp. 3d at 1122-23. In Metz, another similar case, Florida's Middle District determined that if "a courtroom full of lawyers found the contours of this purported right unsettled after exhaustive research and argument, the Court will not hold [defendant] to a high standard." Metz v. Hines, No. 2:19-cv-424-FtM-38MRM, 2019 U.S. Dist. LEXIS 212180, at *7 (M.D. Fla. Dec. 9, 2019) (quoting Coffin, 642 F.3d at 1015 ("[I]t would be inappropriate to hold government officials to a higher level of knowledge and understanding of the legal landscape than that displayed by judges whose everyday business it is to decipher the meaning of judicial opinions.")). In Metz, the Court found the Defendant was entitled to qualified immunity because the plaintiff failed to show a violation of a clearly established right and the defendant's motion to dismiss was granted. Id. at 7-9. The facts here are substantially similar to Sheets and Metz.

Plaintiff has failed to allege a violation of a clearly established right.

Thus, even if we look at the Second Amended Complaint's allegations in the light most favorable to Plaintiff and accept that Defendant Doe violated the First Amendment, previous case law does not clearly establish an unrestricted right to record within a governmental building or nonpolice public employees working inside a governmental building. Existing precedent does not place Defendant Doe on notice that their conduct violated the constitution.

Because the law is not clearly established, Defendant Doe is entitled to qualified immunity and Plaintiff's Second Amended Complaint should be dismissed.

Further, Plaintiff fails to rely on a broader, clearly established principle to control the facts of the alleged incident and fails to allege that Defendant Doe's conduct "so obviously violated the Constitution that prior case law is unnecessary." Loftus, 690 F.3d at 1025. "This narrow  category encompasses those situations where the official's conduct lies so obviously at the very core of what the relevant constitutional provision prohibits that the unlawfulness of the conduct was readily apparent to the official, notwithstanding the lack of case law." Id. (quoting Terrel v. Smith, 668 F.3d 1244, 1257 (11th Cir. 2012)). Here, the Second Amended Complaint merely asserts that Defendant Doe, "unlawfully removed [me] from a place I have a

right to be in and report on. Specifically violating my access/right to gather information and my liberty interest in public property," and that Doe "violated my rights because I was engaged in exercising my rights. It is clear that my information gathering was the motivating factor for them to violate my rights." [ECF 26, Claims III and IV]. Such allegations fall short of the mark. Thus, Plaintiff's Second Amended Complaint must be dismissed as Defendant Doe is entitled to qualified immunity.

## CONCLUSION

Defendant Doe and the CCUA respectfully request that the Court grant this Motion, dismiss Plaintiff's Second Amended Complaint with prejudice, and provide any further relief deemed just and proper.

## RULE 3.01(g) CERTIFICATION

Pursuant to Rule 3.01(g), of the Local Rules of the United States District Court for the Middle District of Florida, undersigned counsel has conferred with the Plaintiff regarding the relief requested in this Motion and Plaintiff remains opposed to the relief requested herein.

*/s/ Austin C. Sherman*
Austin C. Sherman (Lead Attorney)
FL Bar No. 1002831
Galen R. Flynn
FL. Bar No. 294974
Alison Sausaman
FL Bar No. 112552
CARR ALLISON

23

Truist Tower
200 W. Forsyth Street, Suite 600
Jacksonville, Florida 32202
Telephone:  (904) 328-6456
Facsimile:   (904) 328-6473
Email:
asherman@carrallison.com
gflynn@carrallison.com
asausaman@carrallison.com
Secondary:
sashley@carrallison.com
*Attorneys for Defendant John/Jane Doe, Clay County Utility Authority*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on July 1, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and US Mail, which will provide a notice of electronic filing and a copy of the foregoing to the following:

Plaintiff Lana Patrick
9378 Arlington Expressway
PMB 204
Jacksonville, FL
32225 Email:
thejtownpress@gmail.com

/s/ *Austin C. Sherman*
Austin C. Sherman
Florida Bar No.
1002831
*Attorney for Defendant John/Jane Doe, Clay County Utility Authority*